UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY AND KATHRYN HARRIMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:13-cv-00450-JAW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiffs Gregory and Kathryn Harriman request that the Court quiet title and declare that Plaintiffs "have better title and the right to continue in possession of the property" that is the subject of this action. (Complaint at 3.) Defendant United States has filed a Motion to Dismiss (ECF No. 7), in which motion Defendant argues that the issues of title and right to possession were previously decided against Plaintiffs and, therefore, Plaintiffs' claim is barred by the doctrine of *res judicata*.

**FACTUAL BACKGROUND**

Plaintiffs allege in their Complaint that they continue to occupy the premises at 207 Burnham Road, Troy, Maine (the property), which property they obtained by virtue of a warranty deed delivered to them in 1991. (Complaint ¶ 3; Exhibit A Warranty Deed, ECF No. 1-1.) In a previously filed action, captioned *United States v. Harriman*, No. 1:12-cv-00113-JAW, the Court issued to Defendant a Writ of Ejectment regarding the property. (Complaint ¶ 4.) The Writ, entitled Execution of Ejectment, is dated January 9, 2013. The Court stayed the Writ pending Plaintiffs' appeal. The First Circuit affirmed the issuance of the Writ on July 25, 2013, and issued its Mandate on October 22, 2013. (*See* No. 1:12-cv-00113: ECF Nos. 28, 33, 35, 36.)

Here, Plaintiffs contend that Defendant has inferior title to Plaintiffs' interest in the property because Defendant is not in possession of the property. (Complaint ¶ 6.) In support of their claim, Plaintiffs allege that the Quitclaim Deed delivered to Defendant by the Department of Agriculture dated March 11, 2011 was insufficient to convey to Defendant superior title to Defendant. (Complaint ¶¶ 5-6; *see also* No. 1:12-cv-00113: ECF No. 1-1 (quitclaim deed).) Plaintiffs also complain that Defendant "continues to threaten [them] with eviction by the U.S. Marshals" even though they have offered "to help pay off [their] debt by paying rent." (Complaint ¶ 8.)

## DISCUSSION

Defendant moves for dismissal of this action based on the doctrine of *res judicata*. The First Circuit has described the doctrine as follows:

> Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action. Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Thus, the elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.

*In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (citation omitted). The doctrine incorporates the concept of "merger and bar (or claim preclusion)," which doctrine "prevents a party from asserting a claim previously decided on the merits by a final judgment in another case between the same parties (or their privies): the re-asserted claim is deemed 'merged' into the prior judgment if the plaintiff had won or 'barred' by it if the plaintiff had lost." *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005).

*Res Judicata* is an affirmative defense for which Defendant has the burden of proof. *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 36 (1st Cir. 2008). The defense is properly raised in a motion to dismiss.

> In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim. The affirmative defense of res judicata is no exception. Even without a motion, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste." *Bezanson v. Bayside Enterps., Inc.,* 922 F.2d 895, 904 (1st Cir. 1990).

*In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (citation omitted).

In the above-mentioned prior action in which Plaintiffs and Defendant were parties, Defendant sought possession of the property. Magistrate Judge Kravchuk recommended that the Court grant Defendant judgment on the pleadings. In that recommendation, which was affirmed by the Court (ECF No. 25), the Magistrate Judge determined that Plaintiffs were precluded from litigating whether they were entitled to exercise a right of redemption as to the property because the issue had been decided against them in yet another, earlier case. *See United States v. Harriman*, No. 1:12-cv-00113-JAW: ECF Nos. 23 (Report and Recommendation, at 2) & 25 (Order adopting) (applying *res judicata* to bar the Harrimans' action seeking to belatedly redeem the property); *see also Harriman v. United States*, No. 1:11-cv-00208-NT: ECF No. 18 (Judgment, at 4) ("The Harrimans did not redeem their property within the applicable period of time for the required amount and they have no other right of redemption.") (granting summary judgment in favor of the United States Department of Agriculture on the Plaintiffs' "complaint for redemption")). Additionally, in a prior action for foreclosure brought by Defendant against Plaintiffs, Defendant obtained: (1) Judgment of Foreclosure against Plaintiffs, which Judgment established a deadline of 90 days for Plaintiffs to redeem their equitable interest in the property and (2) a subsequent Order finding that Plaintiffs failed to redeem the property. *United States v. Harriman*, No. 1:09-00348-JAW: ECF Nos. 21, 28.

The record thus establishes that Plaintiffs and Defendant, and/or Defendant's privy, the Department of Agriculture, were parties in three prior cases in which the Court considered and determined the parties' interest in and right to possession of the property. In the cases, the Court

found, among other things, that Plaintiffs' ability to redeem the property was foreclosed. The Department of Agriculture's title, therefore, was not conditional at the time that it conveyed its interest in the property to the Defendant.[1] Accordingly, Plaintiffs cannot in this case challenge Defendant's interest in the property, or Defendant's entitlement to possession of the property. In short, because in a series of prior cases the Court determined the issues relevant to Plaintiffs' claim in this action, Plaintiffs' claim is barred by the doctrine of *res judicata*.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendant's Motion to Dismiss (ECF No. 7) because Plaintiffs' claim is barred by the doctrine of *res judicata*.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

February 14, 2014

---

[1] "Under Maine law, a mortgage on real property is a conditional conveyance with legal title vested in the mortgagee. The mortgagor retains only the right to possess the premises and the equity right of redemption." *Duprey v. Eagle Lake Water & Sewer Dist.*, 615 A.2d 600, 602 (1992) (citation omitted).